IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNA BELCHER, SCOTT BELCHER, ) <br> and TAMI BELCHER, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TAMIKA TAYLOR and the ) <br> UNITED STATES POSTAL SERVICE, ) <br> ) <br>     Defendants. ) | No. 13-CV-766-WDS |

## ORDER

**STIEHL, District Judge:**

    Before the Court is the United States of America's motion to dismiss defendants Tamika Taylor and the United States Postal Service (USPS) (Doc. 16). Plaintiffs Donna, Scott, and Tami Belcher have not responded, and the time to do so has now passed. This is an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. The Court has subject-matter jurisdiction under 28 U.S.C. § 1346(b).

    Plaintiffs allege that Taylor was employed by the USPS and driving a USPS vehicle when she pulled out into the street and hit plaintiffs' vehicle. They allege that she was negligent and caused plaintiffs physical injuries and other damages, and that the USPS is liable as her employer. They claim she was acting within the scope of her employment. Defendants move to dismiss because the United States is the only proper defendant under the FTCA.

    The FTCA is the exclusive remedy "for injury or loss of property, or personal injury … arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment … ."

28 U.S.C. § 2679(b)(1); *accord Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012). "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action … [under the FTCA] against an employee, her exclusive remedy being an action against the United States."). Moreover, an action under the FTCA must be brought against the United States in its own name and not by naming a federal agency as a defendant. *See* 28 U.S.C. § 2679(a).

Thus, the United States would be the only proper defendant in this case. The Court also considers plaintiffs' failure to respond as an admission to the merits of the motion. *See* SDIL-LR 7.1(c). Defendants' motion to dismiss (Doc. 16) is **GRANTED**, and plaintiffs' claims against defendants Tamika Taylor and the USPS are **DISMISSED WITH PREJUDICE**. The Clerk of the Court is **DIRECTED** to close this case and enter judgment. Each party shall bear its own costs.

**IT IS SO ORDERED.**

**DATED: December 16, 2013**

                                              **/s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**