IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONNA BELCHER, SCOTT BELCHER,
and TAMI BELCHER,

    Plaintiffs,

vs.                              No.   3:13-cv-766-DRH-PMF

TAMIKA TAYLOR and UNITED
STATES POSTAL SERVICE,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on plaintiffs Donna Belcher, Scott Belcher, and Tami Belcher's (collectively "plaintiffs") motion for relief from order pursuant to Rule 60(b) (Doc. 18). Defendants Tamika Taylor ("Taylor) and the United States Postal Service ("USPS") (collectively "defendants") responded (Doc. 19) and plaintiffs replied (Doc. 20). For the following reasons, plaintiffs' motion is **GRANTED in part.**

### I. Background

    On July 29, 2013, plaintiffs filed a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, alleging that Taylor, a USPS employee, acted negligently when the postal vehicle she was driving hit plaintiffs' vehicle during the course of her employment. They further allege that they were injured and suffered other damages as a result of the incident.

On November 1, 2013, defendants moved to dismiss the case asserting that the United States is the only proper defendant under the FTCA (Doc. 16). On December 16, 2013, this Court granted defendants' motion to dismiss in part because plaintiffs failed to respond to the motion (Doc. 17).

On December 18, 2013, plaintiffs filed the current motion for reconsideration of the Court's order. Plaintiffs assert that they inadvertently overlooked the Court's deadline for filing a response to defendants' motion. Specifically, they argue that a miscommunication between counsel qualifies as an exceptional circumstance under Rule 60(b). Plaintiffs provide the affidavit of Mr. David Cates, local counsel for the plaintiffs, detailing the miscommunication. Plaintiffs further assert that the Order causes them great hardship as their claims would now be time barred as of the date of the Order. Plaintiffs provide the Court with a proposed motion for leave to amend and proposed first amended complaint, dismissing defendants Taylor and the USPS and naming the United States as the defendant in this case. Plaintiffs request that the Court sets aside its Order and reinstate the matter as well as allow plaintiffs leave to file their motion for leave to amend their complaint, grant plaintiffs' motion for leave to amend, and deem plaintiffs' proposed first amended complaint filed instanter.

Defendants responded asserting that the ignorance or carelessness on the part of a litigant or his attorney does not provide grounds for relief under Rule 60(b). Further, they argue that plaintiffs do not bring a meritorious claim because it is well-established that the United States is the only proper party defendant in a

FTCA lawsuit. Finally, defendants assert that to reinstate the lawsuit would cause Taylor harm. Plaintiffs thereafter replied urging the Court to liberally apply Rule 60 and asserting that their clients should not be punished for their neglect.

## II. <u>Analysis</u>

Pursuant to Rule 60(b)(1), the Court may relieve a party from an order for "mistake, inadvertence, surprise or excusable neglect." FED. R. CIV. P. 60(b)(1). "Excusable neglect" within the meaning of the Rule can include omissions through an attorney's carelessness and mistake. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir.1997). "[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, (7th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). The Court is directed to consider all relevant circumstances, including "the danger of prejudice to the [defendants in this case], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993) (citing *Pioneer*, 507 U.S. at 398)). "Trial judges are vested with discretion when determining whether an attorney's neglect is 'excusable' for purposes of Rule 60(b)(1)" and the Seventh Circuit's review is extremely deferential. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations and internal quotations omitted).

The Court finds the attorneys' conduct here excusable for purposes of Rule 60(b)(1). First, the defendants in this case will not be prejudiced. As indicated by plaintiffs, they intend to file an amended complaint with the United States as the defendant. Furthermore, if plaintiffs had responded to the motion to dismiss and the Court granted the motion, the Court would have likely allowed plaintiffs to amend their complaint. Second, to grant this motion does not substantially delay the proceedings. Plaintiffs, as indicated below, will have seven days from the date of this order, or until April 3, 2014, to respond to the motion or to file their motion for leave to amend their complaint. Finally, the Court does not believe that counsels' mistake was made in bad faith.

### III.  Conclusion

Accordingly, the Court **GRANTS in part** plaintiffs' motion for relief from order pursuant to Rule 60(b) (Doc. 18). The Court's December 16, 2013 order (Doc. 17) is hereby **VACATED.** Plaintiffs have until **April 3, 2014** to respond to the motion to dismiss or otherwise move the Court for leave to file an amended complaint. The Court will not consider the proposed motion attached to plaintiffs' motion.

**IT IS SO ORDERED.**
Signed this 26th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.26 12:23:43 -05'00'

**Chief Judge**
**United States District Court**